UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00129-TBR

PRO TANKS LEASING, *et al.*  Plaintiffs

v.

MIDWEST PROPANE AND REFINED FUELS,  Defendants
LLC, *et al.*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants Innovative Energy Solutions, LLC ("Innovative"), Grundy Electric Cooperative, Inc. ("Grundy"), and Midwest Propane and Refined Fuels, LLC ("Midwest") (collectively "Defendants") Motion for More Definite Statement as to Count II and Count III of Plaintiffs' Complaint. (Docket No. 35; 36.) Plaintiffs have responded. (Docket No. 39; 40.) Defendants have replied. (Docket No. 43; 46.) This matter is now fully briefed and ripe for adjudication. For the following reasons, the Court will **GRANT in part** and **DENY in part** Defendants' Motion for More Definite Statement as to Count II and Count III of Plaintiffs' Complaint.

Defendants also make a Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim. (Docket No. 34.) Plaintiffs have responded. (Docket No. 38.) Defendants have replied. (Docket No. 45.) This matter is now fully briefed and ripe for adjudication. As for the Count I Breach of Contract claim, the Court will **DENY**

Defendants' Motion to Dismiss. Because the Court will grant Defendants' Motion for More Definite Statement as to Count II (fraud), the Court finds the Motion to Dismiss is **DENIED** as to Count II, with leave to refile if necessary. The Court **DENIES** Defendants' request for oral argument on their Motion to Dismiss.

I. Motion for More Definite Statement

Defendants move pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement of Count II (fraud) and Count III (piercing the corporate veil) of Plaintiffs' Complaint.

(a) Count II – Fraud

The Court is concerned that Plaintiffs may not have pled with the requisite particularity the allegation of fraud in Count II. Therefore, the Court will **GRANT** the Motion for a More Definite Statement as to Count II. Accordingly, the Court will **DENY** the Motion to Dismiss as to Count II, with leave to refile if necessary.

(b) Count III – Piercing the Veils of Defendants

As for Count III Piercing the Corporate Veil, the Court agrees with Plaintiffs that there is no authority requiring a claim to pierce the corporate veil be subjected to the heightened pleading requirement for fraud claims, nor has Defendant pointed to any such authority.[1] Defendants appear to assert that the allegation that: "Treating the

---

[1] Defendants left out a significant portion of a quote from *Inter-Tel* when arguing for such a requirement: "As to the second element, the *trial court* should state specifically the fraud or injustice that would be sanctioned if the Court declined to pierce the corporate veil." *Inter-Tel Techs., Inc. v. Linn Station Props., LLC*, 360 S.W.3d 152, 165 (Ky. 2012) (emphasis added). Even assuming there was such a pleading requirement on Plaintiffs, they have pled the alleged fraud that would ensue if Defendants' veils

limited liability companies separate and apart from Defendant Grundy would sanction a fraud and promote injustice," requires being pled with specificity. (Docket No. 1, Page 8.) The Court disagrees—that is merely an element which is required to be met in order to pierce the corporate veil, not a claim for fraud. As a result, the heightened pleading requirement for fraud claims is not necessary. Furthermore, fraud is not necessarily even required to pierce the corporate veil—a mere injustice will suffice. In any event, Plaintiffs have pled this with specificity in their response brief to the motion to dismiss for personal jurisdiction. (Docket No. 41.) Accordingly, the Court will **DENY** Defendants' Motion for a More Definite Statement as to Count III Piercing the Corporate Veil.

II. Motion to Dismiss

(a) Count I - Breach of Contract Claim

Defendants argue Plaintiffs "have not alleged in their Complaint any allegation to support their contention that Defendants have breached the Asset Purchase Agreement." Defendants recognize that Plaintiffs allege that:

> 25. Defendants breached said agreement by failing to comply with its terms. Specifically, Defendants breached provisions in the Asset Purchase Agreement governing the usability of certain propane tanks and breached provision governing the accuracy of information provided to Plaintiffs.

(Docket No. 1, ¶ 25.) Specifically, Defendants Grundy and Innovative assert that because they were not a party to the Asset Purchase Agreement they are not bound by

---

were not pierced with the requisite specificity in their response brief to the motion to dismiss for personal jurisdiction.

the agreement. However, as will be discussed more fully in a separate Memorandum Opinion and Order, the Court has found that Grundy and Innovative's corporate veils should be pierced and they are the "alter egos" of Midwest. Accordingly, the Court will **DENY** Defendants' Motion to Dismiss as to Count I.

(b) Count II - Fraud

Having granted Defendants' Motion for a More Definite Statement as to Count II, the Court will **DENY** Defendants' Motion to Dismiss as to Count II, with leave to refile if necessary.

IT IS SO ORDERED.

Date:

cc: Counsel